IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| THEODORE THOMAS WAGNER, | ) Civil Action No. 3:05-1100-GRA-JRM |
| Plaintiff, | ) |
| vs. | ) |
| WILLIAM CREWS IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES; HIS PARTNER, NAME UNKNOWN AT THIS TIME; S. A. CYNTHIA MCCANTS; MICHAEL ANDERSON; NFN MAGWOOD; WILLIAM SHEPARDS; PAUL TITLE; MICHAEL RINGLEY; PAUL MCCONIGAL; NFN HOWARD; NFN TURNER; NFN MELERINE; AND LARRY RICE, | ) ) ) ) ) ) ) ) ) ) ) ) ) **REPORT AND RECOMMENDATION** |
| Defendants. | ) |

Plaintiff, Theodore Thomas Wagner, filed this action, pro se, in the Court of Common Pleas for Richland County, South Carolina. Defendants removed this action to this court on April 12, 2005.[1] Plaintiff is currently incarcerated at the Ridgeland Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Defendants Michael Anderson, William Crews,

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

NFN Howard, Trustee Mail Courier Larry Rice, NFN Turner, NFN Magwood, William Shepards, Paul Title, Michael Ringley, Paul McMonigal, NFN Melarine, and Unnamed Police Officers (collectively the "Charleston County Defendants")[2] filed a motion to dismiss on April 12, 2005. Because Plaintiff is proceeding pro se, he was advised on April 13, 2005, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Charleston County Defendants' motion to dismiss or for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a memorandum in opposition on May 11, 2005.

The Charleston County Defendants contend that their motion to dismiss should be granted because Plaintiff failed to timely file this action such that this Court lacks subject matter jurisdiction. Alternatively, the Charleston County Defendants argue that their motion for summary judgment should be granted on the same grounds as there is no genuine issue of material fact to adjudicate because the statute of limitations has expired.

Plaintiff filed this action on March 3, 2005 in the Court of Common Pleas for Richland County. His allegations involve the execution of search warrants which were obtained and executed on February 28, 2002. Various pieces of property were removed from the properties pursuant to the warrants. See Affidavits, Search Warrants, and Returns attached as Exhibits A and B to the Charleston County Defendants' motion to dismiss or for summary judgment. The Charleston County Defendants provide that Plaintiff was arrested on February 28, 2002, and was

---

[2]There is no indication that Defendant Cynthia McCants has been served in this action. Plaintiff should note that Defendant McCants may be subject to summary dismissal if he cannot show that McCants has been properly served. See Fed. R. Civ. P. 4(m).

later convicted of criminal sexual conduct with a minor. Plaintiff alleges that his Fourth and Fourteenth Amendment rights were violated during the execution of the search warrants.

The Charleston County Defendants contend that Plaintiff failed to file this action within the applicable statute of limitations because he did not file this action until more than three years after the cause of action arose. Plaintiff argues that he timely filed this action because he submitted his Complaint to prison officials at the Lieber Correctional Institution (where he was incarcerated at the time) of SCDC for mailing on February 23, 2005.

State law concerning limitation of actions applies in claims brought under § 1983. See Wilson v. Garcia, 471 U.S. 261, 266 (1985); see also Burnett v. Grattan, 468 U.S. 42 (1984); and Owens v. Okure, 488 U.S. 235 (1989). In South Carolina, the statute of limitations is three years for claims arising after April 5, 1988. S.C. Code Ann. § 15-3-530. A cause of action accrues at the moment when the plaintiff has a legal right to sue on it. Brown v. Finger, 124 S.E.2d 781 (S.C. 1962). Under Houston v. Lack, 487 U.S. 266 (1988), a prisoner's delivery of legal mail to prison officials for mailing constitutes the filing of the document.[3]

---

[3]Plaintiff may also be attempting to allege a state law claim. State, rather than federal, procedural rules control when an action under state law is commenced for purposes of the state statute of limitations. See Wolfberg v. Greenwood Dev. Corp., 868 F. Supp. 132 (D.S.C. 1994). The South Carolina Rules of Civil Procedure provide:
> A civil action is commenced when the summons and complaint are filed with the clerk of court if:
>> (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or
>> (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.

S.C.R.Civ. P. 3(a).

Here, Plaintiff claims that he timely filed this action because he mailed his Complaint from his place of incarceration on February 23, 2005. In support of his argument, Plaintiff has submitted an agreement to debit his prison trust account which purportedly shows a debit for postage to mail his Complaint on February 23, 2005 (which would have resulted in a timely filing pursuant to <u>Houston v. Lack</u>). The Charleston County Defendants have not filed a reply to Plaintiff's opposition memorandum. There is a genuine issue of material fact as to whether Plaintiff timely filed this action. **It is, therefore, recommended that the motion to dismiss or for summary judgment of Defendants Crews, Unnamed Police Officer, Anderson, Magwood, Shepards, Title, Ringley, McMonigal, Howard, Turner, Melerine, and Rice (Doc. 4) be denied.**

Respectfully submitted,



Joseph R. McCrorey
United States Magistrate Judge

December 14, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

  The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

  During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina 29201