UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Theodore Thomas Wagner,<br><br>                              Plaintiff,<br>v.<br><br>William Crews in his individual and official capacities; his partner, name unknown at this time; S. A. Cynthia McCants; Michael Anderson; NFN Magwood; William Shepards; Paul Title; Michael Ringley; Paul McConigal; NFN Howard; NFN Turner; NFN Melerine; and Larry Rice.<br><br>                              Defendants. | C/A No. 3:05-1100-GRA-JRM<br><br>ORDER<br>(Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed December 15, 2005. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983. Defendants Michael Anderson, William Crews, NFN Howard, Trustee Mail Courier Larry Rice, NFN Turner, NFN Magwood, William Shepards, Paul Title, Michael Ringley, Paul McMonigal, NFN Melarine, and Unnamed Police Officers (collectively the "Defendants") filed a motion to dismiss or for summary judgment on April 12, 2005. Because Plaintiff is proceeding *pro se*, he was advised on April 13, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendants' motion to dismiss or for summary judgment

1

with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a memorandum in opposition on May 11, 2005.

The Defendants contend that their motion to dismiss should be granted because Plaintiff failed to timely file this action such that this Court lacks subject matter jurisdiction. Alternatively, the Defendants argue that their motion for summary judgment should be granted on the same grounds as there is no genuine issue of material fact to adjudicate because the statute of limitations has expired. The magistrate recommends denying both Defendants' motion to dismiss and for summary judgment because there is a genuine issue of material fact as to whether Plaintiff timely filed this action. For the reasons stated below, Defendants' motion to dismiss and for summary judgment is DENIED.

This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court

may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

Parties must file with the clerk of court specific, written objections to the Report and Recommendation, if they wish the United States District Judge to consider them. Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. Fed. R. Civ. P. 72(b); *See Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The Defendants filed objections on January 6, 2006.

The Defendants first object to the finding of the magistrate that under *Houston v. Lack*, 487 U.S. 266 (1988), a prisoner's delivery of legal mail to prison officials for mailing constitutes filing of the document. The Defendants argue that *Houston* only dealt with the question of whether a *pro se* prisoner's notice of appeal was filed at the moment of delivery to prison authorities as opposed to the delivery to the Clerk of

Court, not the Summons and Complaint.  However, the Defendants cite to no authority limiting the *Houston* decision in such a manner.  In fact, the Fourth Circuit reached the opposite conclusion.  *See Lewis v. Richmond City Police Dept.*, 947 F.2d 733 (4th Cir. 1991) (holding that in a § 1983 action, for limitation purposes, a civil complaint of an incarcerated *pro se* litigant is filed within the meaning of civil procedure rules pertaining to commencement of an action and filing of pleadings when the prisoner delivers the complaint to prison authorities for mailing to the clerk of court, and not when the clerk of court receives the complaint).  Therefore, Defendants' first objection is without merit.

Defendants also object to the magistrate's finding that the Plaintiff's submission of a document entitled "Agreement to Debit E.H. Cooper Account" for "legal material" was sufficient to create a genuine issue of material fact as to when Plaintiff mailed the Summons and Complaint.  Defendants argue that this document should not be considered by the Court as evidence of the type that creates a genuine issue of material fact because it does not reference this matter in any fashion.  Defendants make this assertion without citing to any legal authority for support.  The Court disagrees with Defendants and finds this objection to be without merit.

Finding Defendants' objections to be without merit and after a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the Defendants' motion to dismiss and for summary judgment be DENIED.

IT IS FURTHER ORDERED that the Defendants' motion for an extension time to file dispositive motions, filed on January 6, 2006, be GRANTED to allow both parties an extension of time of 45 days to submit dispositive motions to the magistrate.

IT IS FURTHER ORDERED that any further relief requested by the Defendants in their January 6, 2006 motion be DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Appeal of Wording and Content of Order," filed January 3, 2006, be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January   19  , 2006

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.