IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

THEODORE WAGNER,                              ) Civil Action No. 3:05-1100-GRA-JRM
                                              )
                     Plaintiff,               )
                                              )
            vs.                               )
                                              )
WILLIAM CREWS IN HIS INDIVIDUAL AND           )
OFFICIAL CAPACITIES; HIS PARTNER,             )
NAME UNKNOWN AT THIS TIME;                    )
S. A. CYNTHIA MCCANTS;                        )
MICHAEL ANDERSON; NFN MAGWOOD;                )
WILLIAM SHEPARDS; PAUL TITLE;                 )
MICHAEL RINGLEY; PAUL MCMONIGAL;              )
NFN HOWARD; NFN TURNER;                       )
NFN MELERINE; AND LARRY RICE,                 )
                                              ) **REPORT AND RECOMMENDATION**
                     Defendants.              )
_____      )

        Plaintiff, Theodore Wagner, filed this action in the Court of Common Pleas of Charleston

County, South Carolina.  On April 12, 2005, Defendants William Crews, Crews' unnamed partner,

Michael Anderson, Eugene Magwood, William Shepards, Paul Tittle, Michael Ringley, Paul

McManigal, Lou Howard, Detective Turner, Detective Melerine, and Larry Rice (collectively the

"Charleston County Defendants")[1] removed this action to this court[2] and filed a motion to dismiss

or for summary judgment.  On January 19, 2006, the Honorable G. Ross Anderson, Jr., United States

_____

        [1]Plaintiff appears to have misspelled the names of Defendant Tittle (Title) and McManigal
(McMonigal) in the caption of his complaint.  See Charleston County Defendants' Motion for
Summary Judgment and Tittle Aff.

        [2]All pretrial proceedings in this case were referred to the undersigned pursuant to the
provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC.  Because this
is a dispositive motion, the report and recommendation is entered for review by the court.

District Judge, ordered that the Charleston County Defendants' motion to dismiss or for summary judgment be denied.[3]   The Charleston County Defendants filed another motion for summary judgment on March 3, 2006.  Because Plaintiff is proceeding pro se, he was advised on March 9, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Charleston County Defendants' motion to dismiss or for summary judgment could result in the dismissal of his complaint. On April 17, 2006, Plaintiff filed a response in opposition to the Charleston County Defendants' motion for summary judgment.

<u>DISCUSSION</u>

On February 28, 2002, Plaintiff was arrested on four charges of criminal sexual conduct ("CSC") with a minor (second) (S.C. Code Ann. § 16-3-655), one count of committing a lewd act upon a minor (S.C. Code Ann. § 16-15-140), and one count of contributing to the delinquency of a minor (S.C. Code Ann. § 16-17-490).  Plaintiff's Pauline Avenue residence was searched pursuant to a search warrant.  Another property (the Woodland Shores Road property), on which Plaintiff stored a boat, was searched later in the day pursuant to another search warrant.  Defendants provide that Plaintiff was convicted on the charge of CSC with a minor and sentenced to ten years in prison.[4]

---

[3]On February 24, 2006, Plaintiff appealed Judge Anderson's order.  The Court of Appeals for the Fourth Circuit dismissed the appeal for lack of jurisdiction on July 21, 2006.

[4]Plaintiff was charged in Federal Court on April 9, 2002, with four counts of production of child pornography, and one count of possession of child pornography in violation of 18 U.S.C. §§ 2251(a) and 2252A(a)(5)(B).  On August 14, 2002, Plaintiff pled guilty to one count of production of child pornography and one count of possession of child pornography.  He was sentenced to a term of imprisonment of 151 months, and to a term of supervised released of three years to run concurrently on each count.  See Criminal Action Number 2:02-181, Civil Action Number 2:05-404-23.                          .

Plaintiff alleges that his Fourth and Fourteenth Amendment rights were violated as a result of his arrest and the search and seizure of his personal property. He also claims that these actions violated his rights under South Carolina statutes. Plaintiff requests the return of items seized, the repair or replacement cost of items damaged, punitive damages, a trial by jury, payment of court costs by Defendant Crews, and that criminal charges be brought against Crews and Crews' unnamed partner.[5] The Charleston County Defendants contend that their motion for summary judgment should be granted because: (1) they are entitled to qualified immunity; (2) they are entitled to judgment as a matter of law as to any state law claims for false arrest and/or conversion; and (3) the complaint fails to state a valid cause of action and should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e) and count as a strike.

1.     Defendant McCants

It is recommended that Defendant McCants be dismissed sua sponte because Plaintiff has made no allegations against McCants in his complaint. Alternatively, it is recommended that McCants be dismissed pursuant to Federal Rule 4(m)[6] because Plaintiff has not shown that McCants was ever served with the summons and complaint. On December 14, 2005, the undersigned granted Plaintiff an extension of time until December 27, 2005 to serve Defendant McCants. In that order,

---

[5]No citizen has an enforceable right to institute a criminal prosecution. Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); see also Lopez v. Robinson, 914 F.2d 486 (4th Cir. 1990) (prison officials entitled to qualified immunity for their actions in screening inmate requests that they be transported to court to press criminal charges).

[6]Federal Rule of Civil Procedure 4(m) provides, in part:
If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time....

3

Plaintiff was warned that McCants might be subject to summary dismissal under Federal Rule 4(m) if he could not show that she had been properly served.

    2.   <u>Qualified Immunity</u>

        Defendants contend that they are entitled to qualified immunity in their individual capacities. Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). The analysis of the defense of qualified immunity is examined using a two-step analysis. <u>See</u> <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001). The first task is to determine whether the plaintiff has alleged the deprivation of a constitutional right. <u>Id.</u> at 200-201. If the answer is yes, the next task is to determine "whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right." <u>Brown v. Gilmore</u>, 278 F.3d 362, 367 (4th Cir. 2002). Thus, liability will not be imposed "when an officer violates [a constitutional right]" unless "a reasonable officer would know that the specific conduct at issue was impermissible." <u>Rogers v. Pendleton</u>, 249 F.3d 279, 285 (4th Cir.2001); <u>see</u> <u>Anderson v. Creighton</u>, 483 U.S. 635, 638-39 (1987).

        Plaintiff alleges that Defendants used known perjured information to obtain the search warrant for the Pauline Avenue property in violation of S.C. Code Ann. § 16-9-10 and his Fourth and Fourteenth Amendment rights; Defendants failed to give him a copy of the Pauline Avenue search warrant in violation of S.C. Code Ann. § 17-13-150, the face of the search warrant, and the Fourteenth Amendment; Defendants caused damage to Plaintiff's personal property during the search; and Defendants did not properly inform Plaintiff of the basis for his arrest in violation of

South Carolina Code Ann. § 17-13-50. He fails, however, to state a deprivation of a constitutional

right, as discussed below. Thus, the Charleston County Defendants are entitled to qualified

immunity in their individual capacities.

a.     Probable Cause/Allegedly Perjured Information

Plaintiff claims that Defendants used perjured information to obtain a search

warrant for the Pauline Avenue property in violation of § 16-9-10 and his Fourth and Fourteenth

Amendment rights.[7] Defendants contend that there existed probable cause for the searches based

on information provided by the victim. They also state that the warrants on their face meet the

particularity requirement because the place to be searched and things to be seized are set forth in the

search warrant.

Crews states that on February 27, 2002, he interviewed the victim (who explained how she

had been harmed by Plaintiff), he set forth the information in affidavits, and he submitted them to

a neutral and detached magistrate. Crews Aff. A search warrant for the Pauline Avenue property

and arrest warrants for Plaintiff were issued by a magistrate on February 28, 2002. Charleston

County Defendants' Motion for Summary Judgment, Exs. C and G. Crews states that he went to the

Pauline Avenue property with Detective William Shepard, arrested Plaintiff, explained the basis of

the arrest to Plaintiff, and returned Plaintiff to the Charleston County Police Department for

questioning. He received information from William Cribbs ("Cribbs"), an associate of Plaintiff,

---

[7]The Fourth Amendment protects persons from unreasonable seizures. Plaintiff's claims should be analyzed under the Fourth Amendment, rather than under the Fourteenth Amendment. Where a particular Amendment provides an explicit source of constitutional protection against a particular sort of governmental behavior, claims must be analyzed using that Amendment rather than the more generalized notion of due process. Albright v. Oliver, 510 U.S. 266, 273 (1990), citing Graham v. Connor, 490 U.S. 386 (1989).

5

regarding instrumentalities of various crimes being located at the Woodland Shores Road property. Crews relayed this information to Defendant Michael Anderson who submitted an affidavit to a neutral and detached magistrate. Crews Aff. A search warrant for the Woodland Shores Road property was issued. Charleston County Defendants' Motion for Summary Judgment, Ex. K.

The Charleston County Defendants are entitled to qualified immunity because Plaintiff has not alleged the deprivation of a constitutional right. To establish a deprivation of his constitutional rights, Plaintiff must show a lack of probable cause for the search warrant and/or that the search warrant contained false or misleading statements necessary to the findings of probable cause.

The Fourth Amendment preserves the right of citizens "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Generally, to satisfy the Fourth Amendment's reasonableness requirement, a search or seizure must be "accomplished pursuant to a judicial warrant issued upon probable cause." Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 619 (1989). The Fourth Amendment prohibits general and open-ended search warrants and requires that a search warrant particularly describe both the place to be searched and the persons or things to be seized. See Dalia v. United States, 441 U.S. 238, 255 (1979).

To satisfy the warrant requirement, an impartial judicial officer must assess whether the police have probable cause to conduct a search or to seize evidence. Warden v. Hayden, 387 U.S. 294, 301-02 (1967). The magistrate must consider the facts and circumstances in a practical, common sense manner and make an independent assessment regarding probable cause. See Illinois v. Gates, 462 U.S. 213, 238 (1983). Probable cause is defined as "a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 238. Probable cause exists when

6

"there are reasonably trustworthy facts which, given the totality of circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of the crime and will be present at the time and place of the search." United States v. Suarez, 906 F.2d 977, 984 (4th Cir. 1990).

A facially valid search warrant will be found to violate the Fourth Amendment if it contains false or misleading statements that are "necessary to the finding of probable cause." Wilkes v. Young, 28 F.3d 1362, 1365 (4th Cir.1994), cert. denied, 513 U.S. 1151 (1995)(quoting Franks v. Delaware, 438 U.S. 154, 156 (1978)).  The party challenging the warrant must make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." Franks at 156.

Plaintiff has not shown lack of probable cause.   A victim of Plaintiff told Crews that over a period of years (from ages thirteen to seventeen), Plaintiff molested her, provided her with drugs and alcohol, forced her to engage in sexual acts, and videotaped her doing these acts.  Charleston County Defendants' Motion for Summary Judgment, Ex. A, Incident Reports and Supplements; Ex. J.  Plaintiff's associate, Cribbs, provided information concerning the second property search.  Ex. J.  Although Plaintiff disputes the validity of information relied on, he has not made a substantial preliminary showing that these allegedly false statements were included by Crews and/or Anderson in the warrant affidavits knowingly or intentionally with a reckless disregard for the truth.

Plaintiff also alleges that Defendants' actions violated S.C. Code Ann. § 16-9-10.  Plaintiff, however, fails to show that he has a private cause of action under this statute.[8]  Further, a violation

---

[8]This statute provides:
(A)(1) It is unlawful for a person to wilfully give false, misleading, or incomplete
(continued...)

of state law does not provide the basis for a claim under 42 U.S.C. § 1983 ("1983").  Clark v. Link, 855 F.2d 156, 161-62 (4th Cir.1988).

   b.  Execution of the Search Warrant

     Plaintiff appears to allege that his constitutional rights as well as his rights under South Carolina law (S.C. Code Ann. § 17-13-150) were violated based on the manner in which the search was conducted.[9]  Specifically, he claims he was not given a copy of the search warrant and that officers caused damage to his personal property (opening a desk with a crowbar rather than a key, breaking the clasp on an antique jewelry box, and tossing valuable property on the

---

[8](...continued)
testimony under oath in any court of record, judicial, administrative, or regulatory proceeding in this State.
(2) It is unlawful for a person to wilfully give false, misleading, or incomplete information on a document, record, report, or form required by the laws of this State.
(B)(1) A person who violates the provisions of subsection (A)(1) is guilty of a felony and, upon conviction, must be fined in the discretion of the court or imprisoned not more than five years, or both.
(2) A person who violates the provisions of subsection (A)(2) is guilty of a misdemeanor and, upon conviction, must be imprisoned not more than six months or fined not less than one hundred dollars, or both.
(C) A person may be convicted under this section if he induces, procures, or persuades another person to commit perjury or if he commits perjury by his own act, consent, or agreement.
S.C. Code Ann. § 16-9-10.

[9]Plaintiff also claims that the face of the search warrant mandated that the search warrant be delivered to him.  The search warrants, however, provide:
A copy of the Search Warrant shall be delivered to the person in charge of the premises searched at the time of such search if practicable, and if not, to such person as soon thereafter as is practicable; in the event the identity of the person in charge is not known or if such person cannot be found after reasonable diligence in attempting to locate the person, a copy shall be attached to a prominent place in such premises.
Charleston County Defendants' Motion for Summary Judgment, Exs. H and K. Plaintiff admits that someone else owned the Pauline Avenue property.  See Plaintiff's Opposition Memorandum at 9.

floor and stepping on it). The Charleston County Defendants contend that the actual searches did not amount to a constitutional violation because copies of the warrants were left at the property and Defendants' conduct in effectuating the purpose of the warrants was reasonable in all respects. They also contend that the South Carolina Code sections cited by Plaintiff do not set forth civil remedies and private rights of action for Plaintiff.

Plaintiff has not alleged a constitutional violation as to the execution of the searches. He claims that his constitutional rights were violated because he was not given a copy of the Pauline Avenue search warrant. Copies of the search warrant returns, however, indicate that a copy of each search warrant was left at each respective property. Charleston County Defendants' Motion for Summary Judgment, Exs. H and L. Further, the failure to leave a copy of a search warrant does not render the search unreasonable under the Fourth Amendment. See DeArmon v. Burgess, 388 F.3d 609 (8th Cir. 2004)(failure of officers to leave a copy of the search warrant did not warrant the search unreasonable); United States v. Simons, 206 F.3d 392, 403 (4th Cir. 2000) ("failure... to leave either a copy of the warrant or a receipt for the items taken did not render the search unreasonable under the Fourth Amendment"). Additionally, Plaintiff has not shown that he has a private cause of action for monetary damages under § 17-13-150[10] or that a violation of state law is cognizable under § 1983.

Although the Constitution does not specifically address how an officer should execute a search warrant, a warrant that is reasonably executed will withstand constitutional scrutiny. See

---

[10]This statute provides:
    When any person is served with a search warrant, such person shall be furnished with
    a copy of the warrant along with the affidavit upon which such warrant was issued.
S.C. Code Ann. § 17-13-150.

Dalia v. United States, 441 U.S. at 238.  So long as the officer's conduct remains within the boundaries of reasonableness, an officer has discretion over the details of how best to proceed with a search warrant's execution.  Id. at 257.

Although Plaintiff claims damage to his property, he has presented no evidence to support his claims.  He alleges that he received a telephone call from his associate or driver, Cribbs in which Cribbs told him about destroyed property.  Plaintiff complained in May 2002, however, that Cribbs had stolen items from his home since his incarceration.  Charleston County Defendants' Motion for Summary Judgment, Ex. A.

Plaintiff has not shown that the Charleston County Defendants' actions were unreasonable. Defendant Lt. Paul Tittle ("Tittle") states that on February 28, 2002, he served as a supervisor over the searches at the Pauline Avenue and Woodland Shores Road properties; search warrants were obtained prior to the searches being conducted; he believed probable cause existed for the searches; the searches produced information and tangible items that corroborated the information provided to Crews and Anderson (as discussed in the affidavits used to secure the search warrants); he observed the searches and the actions of Magwood, Shepard, Ringley, McManigal, Howard, Melerine, Turner, and Rice; the searches were reasonable in all respects; and the officers limited the scope of the search to what was reasonably necessary to effectuate the purpose of the search warrants.  Tittle Aff. (Ex. N to Charleston County Defendants' Motion for Summary Judgment).

       c.     Basis for Arrest

Plaintiff also alleges that police officers told him a lie about why he was being arrested.  He also alleges that he was "never told or given anything."  Complaint at 2.  Plaintiff

10

claims that this violated his rights under S.C. Code Ann. § 17-13-50.[11]  Defendant submitted a "Charleston County Sheriff's Office Advisement of Rights" form which states that Plaintiff was charged with contributing to the delinquency of a minor, a lewd act, and CSC with a minor.  Plaintiff refused to sign the advisement.  Charleston County Defendants' Motion for Summary Judgment, Ex. E.  Plaintiff has not shown any private cause of action under this statute.  Additionally, as discussed above, a violation of state law does not provide the basis for a § 1983 claim.

> 3.    State Claims

Plaintiff may be attempting to assert claims under South Carolina law, that Defendants violated S.C. Code Ann. § 17-13-50, § 17-13-150, and/or § 16-9-10.  As noted above, Plaintiff fails to show that he has a private cause of action under these statutes and thus it is recommended that summary judgment be granted as to any of Plaintiff's state law claims.

## CONCLUSION

Based on review of the record, it is recommended that Defendant McCants be dismissed sua sponte for Plaintiff's failure to state a claim against her and that the motion for summary judgment

---

[11]This statute provides:
 (A) A person arrested by virtue of process or taken into custody by an officer in this State has a right to know from the officer who arrests or claims to detain him the true ground on which the arrest is made. It is unlawful for an officer to:
> (1) refuse to answer a question relative to the reason for the arrest;
> (2) answer the question untruly;
> (3) assign to the person arrested an untrue reason for the arrest; or
> (4) neglect on request to exhibit to the person arrested or any other person acting in his behalf the precept by virtue of which the arrest is made.
(B) An officer who violates the provisions of this section is guilty of a felony and, upon conviction, must be fined in the discretion of the court or imprisoned not more than ten years, or both.
S.C. Code Ann. § 17-13-50.

of Defendants Crews, Crews' unnamed partner, Anderson, Magwood, Shepards, Title, Ringley,

McMonigal, Howard, Turner, Melerine, and Rice (Doc. 28) be granted.

Respectfully submitted,

Joseph R. McCrorey
United States Magistrate Judge

January 30, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

13