UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Theodore Wagner, ) | |
| ) | C/A No. 3:05-cv-1100-GRA-JRM |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| William Crews, in his official and ) | |
| individual capacities; His Partner, name ) | |
| unknown at this time; S.A. Cynthia ) | |
| McCants; Michael Anderson; NFN ) | |
| Magwood; William Shepards; Paul Tittle; ) | |
| Michael Ringley; Paul McManigal; ) | |
| NFN Howard; NFN Turner; NFN ) | |
| Melerine; and Larry Rice, in their ) | |
| individual and official capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court for review of the magistrate's Report and Recommendation, made in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C, and filed on January 31, 2007. Plaintiff filed this action on March 5, 2005, pursuant to 42 U.S.C. § 1983. Defendants filed a motion to dismiss or a motion for summary judgment on April 12, 2005. This Court denied the defendant's motion to dismiss on January 19, 2006.[1] Defendants filed an additional motion for summary judgment on March 3, 2006. On April 17, 2006, Plaintiff filed

---

[1] Plaintiff filed Notice of Appeal from this Order on February 24, 2006.

1

a response to the defendants' motion for summary judgment.  The magistrate judge now recommends granting Defendants' Motion for Summary Judgment.  The magistrate judge further recommends dismissing the action against Defendant McCants for Plaintiff's failure to state a claim for which relief may be granted, or in the alternative, for failure to effectuate service of process under Fed. R. Civ. Proc. 4(m).

Plaintiff brings this claim *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d. 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Matthews v. Weber,* 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report

and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United State v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff timely filed objections to the Report and Recommendation on February 12, 2007.

In the first section of his objections, Plaintiff raises constitutional issues outside of the scope of the Report and Recommendation. These arguments basically restate the allegations raised in Plaintiff's Complaint and will not be considered. Plaintiff later addresses specific portions of the Report and Recommendation, and these objections will be reviewed.

Plaintiff's first specific objection relates to the magistrate judge's recommendation that this case be dismissed as to Defendant Cynthia McCants. Plaintiff argues that he has amended his complaint to allege additional wrongdoing against Defendant McCants, and therefore his case should not be dismissed for failure to state a claim under Rule 12(b)(6). The Court has reviewed the proposed

amendments and DENIES Plaintiff's leave to amend the complaint.  The Complaint was filed almost two years ago, and this Court will not allow Plaintiff to attempt to raise new allegations in the ninth hour in order to survive a motion for summary judgment and the magistrate's recommendation of dismissal.

Plaintiff further argues that he attempted on numerous occasions to serve Defendant McCants, and his attempts at service of process should preclude this court from dismissing the complaint against Defendant McCants based on Fed. R. Civ. P. 4(m).  Plaintiff argues that he attempted to serve Defendant McCants on numerous occasions and blames the government for the failure to effectuate service upon this defendant.  Plaintiff presents no evidence to support his claims that the government interfered with the service of process of Defendant McCants.  Therefore, this objection is without merit.

Finally, Plaintiffs objects to "the Court ignoring the evidence submitted that shows that evidence was withheld to mislead the factfinder."  Objections, p.4.  The Plaintiff is likely referring to a newspaper article submitted related to Defendant Crews.  The Plaintiff submits the newspaper article to "impeach the witness and show they withheld evidence."  *Id.*  The Court considered the evidence submitted by the plaintiff, but finds that the evidence in no way rebuts the magistrate's determination that Defendant Crews is subject to qualified immunity.

Plaintiff's remaining objections do not address specific portions of the Report and Recommendation, but instead address matters unrelated to the Report and Recommendation and, thus, will not be considered.[2]

After a review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Defendant McCants be DISMISSED from this action *sua sponte* for Plaintiff's failure to state a claim against her.  IT IS FURTHER ORDERED that summary judgment be GRANTED for Defendants Crews, Crews' unnamed partner, Anderson, Magwood, Shepards, Tittle, Ringley, McManigal, Howard, Turner, Melerine, and Rice.  IT IS ALSO ORDERED that Plaintiff's Motion to Amend Complaint and Plaintiff's Motion for an Evidentiary Hearing be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

March 1, 2007

Anderson, South Carolina

---

[2] Plaintiff objects to the removal of this action to federal court, the denial of his motions for access to witnesses and evidence, and the denial of his chance to present his case to a jury.

5

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.